B. F. CLAY, Appellee, v. IOWA TELEPHONE COMPANY, Appellant.

NEGLIGENCE:   Contributory Negligence—Collision on Highway. Evidence reviewed and held insufficient to charge plaintiff with negligence *per se* in walking, on a dark night, along the center of a public street, which was without sidewalks, and which was bounded by parallel ditches, even though he failed to keep a look-out backward.

*Appeal from Clarke District Court.*—H. K. EVANS, Judge.

WEDNESDAY, OCTOBER 18, 1916.

ACTION for damages for personal injuries.   There was a verdict for the plaintiff, and the defendant appeals.— *Affirmed.*

*Crist, Baker & Dyer,* and *Parker, Parrish & Miller,* for appellant.

*O. M. Slaymaker,* for appellee.

EVANS, C. J.—On the night of May 11, 1914, about 9:30 o'clock, the plaintiff was knocked down in the public

highway by one of defendant's teams.   The one question
presented on this appeal is whether the

NEGLIGENCE:
contributory
negligence : col-
lision on high-
way.

plaintiff showed himself free from contrib-
utory negligence, the contention of the ap-
pellant being that the plaintiff was guilty of
contributory negligence as a matter of law.   The plaintiff
lived in the unincorporated town of Jamison, and owned a
store therein.   At the time of the accident, he was walking
along the highway from his store to his home.   The town of
Jamison contained a population of about 75 people, and, as
we understand the record, was without sidewalks.   The
plaintiff was 77 years of age.   He was walking northerly.
The defendant's team overtook him, going in the same direc-
tion and being driven by one of the defendant's employees.
The plaintiff was walking near the center of the traveled
highway, which was 25 or 30 feet wide at that place.   There
were ditches on either side, and a culvert to be crossed a
short distance ahead of him.   The plaintiff heard the noise
of the team only a moment before he was struck.   He
stepped to the left side, but did not escape the collision.
As we understand the record, he was struck by the "near"
horse; that is to say, the horse on the left side.   This horse
was blind in the left eye.   The driver could have seen the
plaintiff for a distance of 25 or 30 feet ahead of him, if he
had been observant.

The negligence of the driver is not disputed here.   The
contention for the appellant is that the plaintiff could have
discovered the team with practically the same ease with
which the driver could have discovered him.   It is also
contended that the plaintiff walked too near the center of
the traveled track, and that he should have taken a position
farther to one side, the argument being that he subjected
himself unnecessarily to the risk of passing teams.   We
think neither contention can be sustained.   The plaintiff was
not guilty·of contributory negligence as a matter of law by
failing to keep a lookout backward.   *Delfs v. Dunshee,* 143

Iowa 381; *Graham v. Evening Press Company* (Mich.), 97 N. W. 697. Also *Mugge v. Brackin* (Fla.), Ann. Cas. 1914 A, page 247.

Nor can it be said that he was guilty of negligence as a matter of law in traveling near the center of the street. There were ditches on each side of the road, which prudence required him to avoid. The night was somewhat dark, and prudence would naturally require some margin of safety between him and the edge of the ditch. Furthermore, he was approaching a culvert, which was narrower in its extent than the full width of the road. He was quite as liable to meet a team, or to be overtaken by one, at one side of the road as in the center thereof. Indeed, the very exigencies of travel in reverse directions require teams to take the sides rather than the center of the road. It cannot, therefore, be said as a matter of law that he chose an unsafe part of the highway when a safe position was available to him. Reasonable care on the part of those approaching from behind him would render him safe in any part of the highway; whereas carelessness would subject him to danger in any part of it.

We think it quite clear that the whole question of negligence, both of the defendant and of the plaintiff, was a question for the jury, and it was so submitted. The instructions are not complained of. The judgment below is, therefore,—*Affirmed.*

LADD, GAYNOR and SALINGER, JJ., concur.